IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY SCOTT BISHOP,<br><br>Petitioner,<br><br>vs.<br><br>COMMANDER BODINE,<br><br>Respondent. | Cause No. CV 19-46-BLG-SPW-TJC<br><br>FINDINGS AND<br>RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Bishop's application for writ of habeas corpus. Bishop is proceeding pro se and is currently detained at the Yellowstone County Detention Center.

Bishop currently faces charges in state court. He contends he is being held in violation of the Interstate Agreement on Detainers ("IAD"). He claims the State should have brought him to trial within 120 days. As he has now been held for significantly longer than that, he seeks dismissal of the State's charges and a return to federal custody. In the alternative, he asks the Court to consider whether his Sixth Amendment right to a speedy trial has been violated. Bishop also alleges his former counsel was ineffective in failing to press these issues to a successful conclusion. *See* Pet. Addendum (Doc. 1-1) at 1, 4–6.

1

## I.  Exhaustion of State Remedies

On July 18, 2019, the Court ordered Bishop to show cause why his federal petition should not be dismissed for failure to exhaust state remedies.  He filed a response (Doc. 8) on July 25, 2019, along with a motion to appoint counsel (Docs. 9, 10) and a motion to stay proceedings in the state criminal case (Docs. 11, 12).  He also adds an allegation that the State must comply with the federal Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, because he is a federal inmate.  *See* Resp. to Order (Doc. 8) at 1.

Because Bishop faces charges in state court but is not subject to a state judgment, his petition falls under 28 U.S.C. § 2241 rather than § 2254.  *See, e.g.*, *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003); *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc).  With respect to exhaustion of state judicial remedies, however, §§ 2254 and 2241 impose identical requirements on petitioners.  *See Dominguez v. Kernan*, 906 F.3d 1127, 1135 n.9 (9th Cir. 2018) (citing *Laing v. Ashcroft*, 370 F.3d 994, 997–98 (9th Cir. 2004)).[1]

---

[1] It is not clear whether a federal court *could* rule on Bishop's IAD claim under 28 U.S.C. § 2241 before the state court enters any judgment against Bishop.  It could if the IAD confers a right not to be tried, similar to the claim asserted in *Dominguez*.  *See, e.g.*, *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980) (citing *Moore v. DeYoung*, 515 F.2d 437 (3d Cir. 1975)).  It could not if the IAD provides an affirmative defense, similar to the claim asserted in *Brown*.  But there is no need to resolve this question.  Either way, Bishop must first exhaust in the courts of the State of Montana the claims he wants this Court to hear.  *See Dominguez*, 906 F.3d at 1135 n.9, 1138; *Brown v. Ahearn*, 676 F.3d 899, 903 (9th Cir. 2012).

The exhaustion requirement is a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520 (1982). The requirement exists because State courts are co-equal adjudicators, with the federal courts, of federal constitutional issues and other "laws . . . of the United States." 28 U.S.C. § 2241(c)(3). For that reason, state courts are entitled to have the first opportunity to consider a state prisoner's claim he is in custody in violation of federal law.

To properly exhaust a claim, a petitioner must (1) use the judicial remedies the State makes available, *see, e.g.*, *Castille v. Peoples*, 489 U.S. 346, 351 (1989), including established procedures for appellate review, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id*. *See also Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

The problem here is the first requirement. The State of Montana provides a remedy Bishop may use to challenge his pretrial detention by the state court, including his claim of violation of the Interstate Agreement on Detainers. He may file a petition for writ of habeas corpus. *See* Mont. Code Ann. § 46-22-101; *State*

*v. R.S.A.*, 2015 MT 202 ¶¶ 22–23. His federal habeas petition states that he has not done so, *see* Pet. (Doc. 1) at 4 ¶ 12, and the records of the Montana Supreme Court do not show any action in his name.

Bishop was ordered to show cause why his petition should not be dismissed for failure to exhaust state judicial remedies. *See* Order to Show Cause (Doc. 7) at 4. In response, he repeats the arguments of his petition, including but not limited to why he believes the Interstate Agreement on Detainers applies to his case and why he believes his constitutional right to a speedy trial and other mandates have been violated. *See* Resp. to Order (Doc. 8) at 1–4. A document he attached to his response points out that he is not permitted to file motions in his state criminal case because he is represented by counsel. *See* Resp. Ex. (Doc. 8-1 at 7). But, as he was advised, the state remedy currently available to him in state court is a petition for writ of habeas corpus, *see* Order to Show Cause (Doc. 7) at 3–4; *R.S.A.*, 2015 MT 202 ¶¶ 22–23, not a motion in his criminal case.

Bishop also moves for a stay, not of his federal habeas petition[2] but of the state criminal case, until his allegations of constitutional violations "are ruled on in either federal court or Montana Supreme Court." *See* Mot. to Stay (Doc. 11) at 1;

---

[2] Even if Bishop moved to stay his federal habeas petition while he exhausted his state remedies, a stay would not be warranted. There is no statute of limitations under 28 U.S.C. § 2241 as there is under § 2254. The concerns motivating the stay procedure, *see Rhines v. Weber*, 544 U.S. 269, 274–76 (2005), do not arise under § 2241.

Br. for Stay (Doc. 12) at 1. All the facts he has alleged do not amount to special circumstances distinguishing his case from any other in which a person facing state charges believes his federal constitutional rights have been violated. In particular, the fact that Bishop has been sentenced in federal court does not prioritize his opportunity to obtain federal rehabilitative services over the State of Montana's interest in enforcing its criminal laws. A stay is not available. *See Brown v. Ahearn*, 676 F.3d 899, 903 (9th Cir. 2012).

Bishop does not show cause why his petition should not be dismissed for failure to exhaust state remedies. The petition should be dismissed without prejudice. Bishop's motion for counsel (Docs. 9, 10) is moot because he cannot proceed in this Court at this time.

## II.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

Bishop's speedy trial claim meets the low threshold of a "substantial showing" because he has been in state pretrial custody for nearly a year. But reasonable jurists would not debate either the exhaustion requirement or Bishop's failure to comply with or excuse it. A COA is not warranted.

Based on the foregoing, the Court enters the following:

## ORDER

Bishop's motion for counsel (Doc. 9) is DENIED AS MOOT.

The Court also enters the following:

## RECOMMENDATION

1. Bishop's motion to stay (Doc. 11) should be DENIED.

2. The Petition should be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

3. The clerk should be directed to enter by separate document a judgment of dismissal.

4. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Bishop may object to this Findings and Recommendation within 14 days.

*See* 28 U.S.C. § 636(b)(1).[3]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Bishop must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of this case without notice to him.

DATED this 29th day of July, 2019.

                                     */s/ Timothy J. Cavan*
                                      Timothy J. Cavan
                                      United States Magistrate Judge

---

[3]  As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.